UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT KOHLMEIER,

    Plaintiff,

v.                                                     Case No. 8:22-cv-1722-KKM-MRM

AMERICAN HONDA MOTORS
CO., INC., et al.,

    Defendants.
_____

**ORDER**

Defendant American Honda Motors (AHM) removed this case on August 1, 2022, on the basis of diversity, and filed a motion to dismiss. (Doc. 1.) After the Court struck his initial complaint as a shotgun pleading, (Doc. 7), Plaintiff Scott Kohlmeier amended his complaint to, among other things, add two Florida companies, thus destroying diversity jurisdiction. (Doc. 12.) After considering the parties' briefing, the Court remands the case to state court.

**I.    BACKGROUND**

On July 6, 2022, Kohlmeier filed suit against AHM in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, relating to a boat he purchased equipped with two Honda Motors. (Doc. 1-1.) He alleged breach of warranty under Florida state law, and breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310. AHM was served with the complaint on July 11, 2022, (Doc. 1-1), and filed a notice of removal on August 1, 2022, under 28 U.S.C. § 1441(a) and (b), based on diversity of citizenship. (Doc. 1.)

The Court struck Kohlmeier's initial complaint as a shotgun pleading because the second and third counts improperly incorporated by reference the allegations of each preceding count, "causing each successive count to carry all that came before it and the last count to be a combination of the entire complaint." (Doc. 7) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 793 F.3d 1313, 1321 (11th Cir. 2015). Kohlmeier then filed an amended complaint, adding several counts and two additional parties, DBM Marina and Towns Family Investments. These two parties are each Florida limited liability companies who serviced the boat. (Doc. 12.) Because Kohlmeier alleges that he and both LLCs are citizens of Florida, Kohlmeier alleged in the amended complaint that the action should be remanded for lack of subject matter jurisdiction.

The Court then sua sponte directed the parties to brief the jurisdictional issue. In response, AHM argues that the joinder of the two Florida LLCs is fraudulent, and therefore should not be considered for the purposes of determining diversity. (Doc. 17.) AHM also claims that, either way, the Court has subject matter jurisdiction because the Magnuson-Moss claims create federal questions. (*Id*.) AHM also requests to supplement the notice of removal to include this basis. Kohlmeier argues that the joinder was not fraudulent and that it is appropriate under § 1447(e). (Doc. 18.)

II. ANALYSIS

A defendant may remove a civil action filed in state court to federal court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). "[F]ederal courts are courts of limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) (quotations omitted). Only if a case arises under

the United States Constitution, laws, or treaties does federal question jurisdiction exist. 28 U.S.C. § 1331. And diversity jurisdiction exists if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* § 1332(a). For diversity, the parties must be diverse at the time of removal. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Diversity requires that "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). For purposes of diversity jurisdiction, limited liability companies and partnerships are citizens of every state in which one of their members or partners are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citation omitted). And corporations are citizens where they are incorporated and where they have their principal place of business. *See* § 1332(c)(1).

In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). A defendant desiring to remove must file a notice of removal "containing a short and plain statement of the grounds for removal." *See* § 1446(a). Removal is timely if the defendant removes within thirty days of receiving the plaintiff's initial pleading or within thirty days of receiving summons if the initial pleading does not need to be served on the defendant. *See* § 1446(b)(1). But if the case as stated in the initial pleading is not removable, the defendant may remove "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). This thirty-day trigger commences when the defendant receives a document

3

"contain[ing] an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007).

Finally, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." § 1447(e). In exercising its discretion under § 1447(e), courts have looked at factors including "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction; [2] whether plaintiff has been dilatory in asking for amendment; [3] whether plaintiff will be significantly injured if amendment is not allowed; and [4] any other factors bearing on the equities." *Manera*, 2015 WL 12850564, at *2 (quoting *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). Additionally, a plaintiff may not include a non-diverse defendant simply to circumvent federal jurisdiction. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). This fraudulent joinder occurs when either "there is no possibility the plaintiff can establish a cause of action against the resident defendant" or "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Here, Plaintiff added two Florida LLCs in his amended complaint. He argues that this was an amendment as of right because it was his first amendment and he filed within twenty-one days of a motion to dismiss. *See* FED. R. CIV. P. 15(a)(1). But this does not allow him to circumvent § 1447(e). *See Manera v. Michelin N. Am., Inc.*, No. 6:15-cv-721, 2015 WL 12850564, at *1 (M.D. Fla. 2015) (Conway, J.) (noting that, "when determining whether to permit a post-removal joinder, regardless of the liberal joinder rules of the *Federal Rules of Civil Procedure*," courts

4

apply § 1447(e)); *see also Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (determining that § 1447(e) applied to a post-removal motion to amend the complaint and that the "district court had no discretion to add the [nondiverse party] as a defendant, retain jurisdiction, and decide the case on the merits").

Under § 1407, the totality of the circumstances favor remand. First, because Kohlmeier's amendment was in response to the Court's order striking his first complaint as a shotgun pleading and does not appear to be solely for the basis of defeating federal jurisdiction. He also added several claims and fixed the issues that the Court noted with his first complaint. And the parties are not fraudulently joined because a colorable negligence claim has been alleged against them. AHM argues fraudulent joinder because the claims against DBM Marina and Towns Family investments are barred by Florida law preventing the use of tort recovery to circumvent contractual remedies for economic losses. (Doc. 17 at 6) (citing *Florida Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So. 2d 899, 901 (Fla. 1987)). But the complaint is not a model of clarity and it is not quite so clear that this is what Kohlmeier is attempting. While the Court agrees that the claims would be barred if Kohlmeier is simply alleging negligence to circumvent warranty law, it may also be that Kohlmeier is alleging negligence by DBM Marina and Towns Family in their process of making repairs to the boat. Therefore, the Court is not convinced "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Crowe*, 113 F.3d at 1538. Second, plaintiff was not dilatory in seeking amendment. He filed his amended complaint within the time provided by the Court and within one week of removal and just over one month after filing in state court. Third, Kohlmeier has not alleged that the Florida

defendants are indispensable parties to this action but does emphasize that he will be "significantly injured if these claims and parties are not joined." (Doc. 18 at 4.) This factor does not favor remand, but because the Court determines that remand will allow all claims arising out of the same occurrence to be litigated together, the case will be remanded to state court.[1]

### III. CONCLUSION

Accordingly, the Court directs the Clerk to **REMAND** this action to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County and to transmit a certified copy of this order to the clerk of that court, to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on September 8, 2020.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1] AHM also argues in its briefing that the case should remain in federal court based on federal question jurisdiction under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331. Generally, "deficiencies in the notice of removal can be corrected within the thirty day time period" after a defendant receives the pleading. *See Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1331 (M.D. Fla. 2003) (Conway, J.) (quoting *Bradwell v. Silk Greenhouse, Inc.*, 828 F. Supp. 940, 943 (M.D. Fla. 1993)). But outside the thirty-day period, "the notice of removal may be amended only to set out more specifically grounds of removal that already have been stated, albeit, imperfectly in the original petition." *Id*; *see also* Charles A. Wright & Arthur A. Miller, *Fed. Prac. & Proc.* § 3733 (Rev. 4th ed.). Therefore, because Defendant's request to supplement the notice of removal with a new ground for removal (a ground that was present on the face of the first complaint) was filed after the thirty-day period to remove expired on August 10, 2022, the Court does not consider federal question as a basis for removal.